# WALTER C. HOOK, PETITIONER.

Middlesex, December, 1901.

## Condition or Restriction.

The question in this case is whether the provisions in the deed from Richard B. Callender to Stephen G. Allen of May 27, 1855, constitute a common law condition. These provisions are as follows: " This conveyance is upon the express condition that no building shall be erected on said premises within eighty feet of Chestnut Street abutting north of said premises; said Chestnut Street to be forever kept open not less than thirty-six feet in width. The part of the above described premises abutting on said Chestnut Street being immediately opposite other land of grantor and said premises are conveyed subject to the express condition that said grantor and those holding under him may be forever exempted from obstruction of prospect, light or air, by having any building erected within eighty feet as aforesaid of said Chestnut Street."

The language of the first of these provisions is very close to the phraseology used in the recent case of Clapp v. Wilder. Clapp v. Wilder, 176 Mass. 332. It does not seem to be the policy of the court, however, to extend the force of the decision in that case beyond the immediate facts there involved. Many cases exceedingly close to Clapp v. Wilder have been decided the other way. The whole subject is thoroughly discussed, and all recent decisions are cited in the opinions in that case. Without regard to the reasoning of the minority of the Court as expressed in the dissenting opinion, it seems clear from the decision itself that it was felt

necessary to draw the line in that case between a condition and a restriction, lest the principle of the existence of common law conditions, and the right to create and enforce them should appear to be lost to our law.

In this case, however, the condition (if such) affects a large tract of land, of which the present premises formed but a part; the burden of the condition applies wholly to land other than the present premises; the owner of locus could neither violate the condition himself nor prevent its violation by another; and a Court will be very slow either to aid the forfeiture of an estate for the violation of an agreement for which the owner is not responsible, and against which he is not able to defend himself, or to render a tract of land unmarketable by reason of inability to divide it up into the usual building lots for which such property must properly be used.

The present case, however, does not seem to me to come within what I understand to be the real principle of Clapp v. Wilder at all. The main test as to whether a given provision is or is not a condition, is whether the parties had in mind an appurtenant right or a personal right. Whether there is a general scheme of improvement, and whether other people can or cannot avail themselves of the terms of the provision, whatever it be, is a mere corollary or incident to the proposition. It does not affect or determine the nature of the main proposition itself. The right of others to avail themselves in equity of such provisions is based wholly upon the ground that the law will not permit a man to disregard an agreement under which he acquired land, to the detriment of anyone else who, in good faith, relied upon such agreement, and had a right to so rely, be such provisions in form of a condition, restriction, personal agreement, or that anomaly of the Massachusetts law, a personal agreement, " in the nature of " an easement running with the land. (Note: See Wilson v. Mass. Inst. of Technology, 188 Mass. 565 at 581.)

Whether the particular provision be a " condition " or not must be determined by the intention of the parties, and that intention must be found if possible, from the terms of the instrument itself. If it was intended for the benefit of the grantor and his heirs personally, and the language is sufficient therefor, it will be a condition, whether, incidentally, other owners of the grantor's lands can take advantage of it or not; and if it was intended solely for the benefit of real estate, as such, then it is not a condition.

In this case, all of locus being situated more than eighty feet distant from Chestnut Street, it is only necessary to determine that the provisions do not constitute a condition, for breach of which upon any part of the original tract, there might be a forfeiture of the whole.

As a restriction, the provision does not apply to this particular locus.

                              Decree for petitioner.